UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CHAVEZ RODRIGUEZ, A-203-239-876,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILIY, et al.,<br><br>Respondents. | No.  1:26-cv-02721-DC-EFB (HC)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  The matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  For the reasons set forth below, the undersigned recommends the writ be granted and respondents be ordered to provide petitioner a bond hearing.

**BACKGROUND**

**A.  Factual Background**

In his petition for writ of habeas corpus, petitioner alleges that he is a citizen of Mexico who is currently detained by respondents pending immigration removal proceedings.  ECF No. 1 ¶¶ 1, 12.  He alleges that he entered the United States twenty-one years ago and, since then, has resided in the United States with his wife, with whom he is raising five children.  *Id*. ¶ 23.  On March 20, 2026, he was arrested by Immigration and Customs Enforcement (ICE) agents and has

1

been detained since that date without access to a bond hearing. *Id*. ¶¶ 19-20.

Respondents do not dispute petitioner's factual allegations. ECF No. 9 at 1-2. They further represent that petitioner was arrested on March 20, 2026 pursuant to an administrative warrant and, that same day, was issued a Notice to Appear before an Immigration Judge for removal pursuant to 8 U.S.C. §§ 1182(a)(6)-(a)(7). *Id*. at 1-2 & Ex. 1. Petitioner came to the attention of the Department of Homeland Security due to his having been arrested for domestic violence and domestic battery by the Las Vegas Metropolitan Police Department, on March 2, 2026 and March 16, 2026, respectively. *Id*. at 1-2 & Ex. 1. Respondents do not dispute that petitioner has not been granted a bond hearing since he was arrested by ICE, asserting that he is subject to mandatory detention under 8 U.S.C. § 1225(b). *Id*. at 2.

In his reply, petitioner does not dispute respondents' factual representations. ECF No. 10. He additionally presents evidence that his detention has burdened his family, particularly given his wife's and child's ongoing medical needs. *Id*., Ex. 4.

### B. Procedural Background

Petitioner initiated this action in propria persona on April 10, 2026, ECF No. 1, and, the same day, moved for appointment of counsel. ECF No. 3. The undersigned granted the motion on April 14, 2026, ECF No. 6, and counsel was appointed on April 22, 2026. ECF No. 8. Respondents filed a response to the petition on May 2, 2026, ECF No. 9, and petitioner filed a reply on May 3, 2026. ECF No. 10.

<strong>LEGAL STANDARD</strong>

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

////

////

////

**DISCUSSION**

In his petition, petitioner raises a single claim for relief, alleging that his detention without a bond hearing violates his rights to due process under the Fifth Amendment.  ECF No. 1 at 16-17; see also ECF No. 10 at 4-10.  Respondents argue that petitioner has no cognizable liberty interest in his release, because his detention is mandated by 8 U.S.C. § 1225(b).  ECF No. 9 at 2.  Respondents request that, if the court finds that petitioner is entitled to habeas corpus relief, the court order respondents to provide petitioner a bond hearing, in lieu of ordering his immediate release, as a remedy.  *Id*. at 2-3.  In his reply, petitioner argues that immediate release is the appropriate remedy.  ECF No. 10 at 11-12.  The undersigned finds that petitioner has demonstrated that his current detention violates his procedural due process rights and recommends the petition be granted and respondents be ordered to provide petitioner a bond hearing.

### 1. Violation of Right to Due Process

Petitioner has demonstrated that he is entitled to habeas corpus relief because his right to due process under the Fifth Amendment has been violated by respondents' ongoing detention of him without a bond hearing.  ECF No. 1 ¶¶ 2-3, 20-22, 24-26, 29-43, 46, 49.  The undersigned concludes petitioner has demonstrated his entitlement to relief on this claim by a preponderance of evidence.

The due process clause of the Fifth Amendment protects persons in the United States from being deprived of life, liberty, or property without due process of law.  Noncitizens subject to mandatory detention are not without due process rights. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (finding a liberty interest for a petitioner under § 1225(b)(1)).  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

////

3

Courts examine procedural due process claims in two steps.  *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  The first step asks whether a protected liberty or property interest exists, and the second step examines the constitutional adequacy of the procedures employed by the State to interfere with that interest.  *Id*.  Here, at the first step, it is unquestionable that petitioner has a liberty interest that is cognizable under the due process clause.  *See, e.g.*, *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").

Respondents argue that petitioner is lawfully detained under 8 U.S.C. § 1225(b), which abrogates his liberty interest for due process purposes.  The Supreme Court has recognized that specific provisions of federal immigration statutes may reduce a noncitizen's liberty interest, thereby circumscribing the process he or she is due under the Fifth Amendment relative to his or her removal from the United States.  *See Demore v. Kim*, 538 U.S. 510, 527 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Jennings v. Rodriguez*, 583 U.S. 281, 308 (2018); *but see Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (holding petitioner's liberty interest, for due process purposes, in remaining free from detention was not lessened by 8 U.S.C. § 1225(b)(1)(B)(ii))).  Here, however, respondent fails to demonstrate that petitioner's current detention is authorized under 8 U.S.C. § 1225(b).  As many courts have already concluded, respondents' argument fails as a matter of statutory construction.  *See Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *3 (E.D. Cal. Dec. 22, 2025) (collecting cases).  Section 1225(b)(2)(A) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  8 U.S.C. § 1225(b)(2)(A).  Respondents' position is that "applicant for admission" and "an alien seeking admission" both be interpreted to include persons like petitioner, who have entered in the United States and have resided in the interior United States for a considerable length of time, at the time they were taken into detention.  This interpretation is untenable, however, because it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3)

4

would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025); *see also Gomez v. Warden*, No. 2:26-CV-01003-DAD-DMC, 2026 WL 880012, at *2 (E.D. Cal. Mar. 31, 2026); *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-CV-00739-DAD-EFB, 2026 WL 679378, at *1 (E.D. Cal. Mar. 10, 2026); *Flores v. Cruz*, No. 1:26-CV-01038 DC SCR, 2026 WL 575545, at *4 (E.D. Cal. Mar. 2, 2026); *Ortiz v. Chestnut*, No. 1:26-CV-01167-DC-SCR (HC), 2026 WL 508419, at *4 (E.D. Cal. Feb. 24, 2026); *Wasef v. Chestnut*, No. 1:26-CV-01078-DAD-JDP (HC), 2026 WL 392389, at *1 (E.D. Cal. Feb. 12, 2026); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *3 (E.D. Cal. Jan. 8, 2026); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324-36 (W.D. Wash. 2025). Instead, petitioner has demonstrated that, because he is not an "applicant for admission" within the meaning of § 1225(a), he is subject to the detention provision set forth in § 1226(a), which includes entitlement to a custody redetermination hearing before an Immigration Judge. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-97 (9th Cir. 2022); *Rodriguez*, 802 F. Supp. 3d at 1324-36; 8 C.F.R. §§ 236.1(d)(1), 1003.19. Respondents therefore fail to demonstrate that petitioner's liberty interest in receiving a bond hearing has been abrogated or eliminated by applicable provisions of the INA.

At the second step of the analysis, to determine whether detention violates a petitioner's Fifth Amendment procedural due process rights and the amount of process a petitioner is due, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). Here, petitioner has shown that he has a substantial interest in his freedom from detention, relative to the first factor. Since petitioner's entry to the United States, he has developed "enduring attachments of normal life," including familial connections and employment, legally indistinguishable from those experienced by a criminal parolee. *See* ECF

No. 1 ¶ 23; *see also* ECF No. 10, Ex. 4; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025).

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

////

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention violates his rights under the due process clause of the Fifth Amendment, entitling him to habeas corpus relief.

**2. Remedy**

As a remedy, petitioner requests the court order his immediate release, while respondents argue that the appropriate remedy is the court ordering a bond hearing.  ECF No. 1 at 17; ECF No. 9 at 2-3; ECF No. 10 at 11.  The undersigned recommends respondents be ordered to provide petitioner a bond hearing consistent with 8 U.S.C. § 1226(a).

When ordering injunctive relief, the order "must be narrowly tailored to remedy the specific harm shown."  *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025).  Here, the undisputed facts are that petitioner was arrested pursuant to a valid administrative warrant, which complied with the requirements of § 1226(a).  *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."); *see generally* ECF Nos. 9, 10.  Petitioner has made no showing that his arrest violated due process, but rather that his on-going detention without a bond hearing—as provided by § 1226(a)—violates his rights to due process.  Accordingly, to appropriately tailor the remedy to the harm proven, the undersigned recommends respondents be ordered to provide petitioner a bond hearing that satisfies the requirements of 8 U.S.C. § 1226(a) and its implementing regulations.  *See, e.g.*, *Najera Salgado v. Warden, California City Correction Center, et al.*, No. 1:26-CV-03406-DC-CSK (HC), 2026 WL 1601548, at *2 (E.D. Cal. June 4, 2026) ("where the government asserts a non-pretextual basis to detain a noncitizen who has not previously been released from immigration custody pending removal proceedings, the proper remedy for the government's failure to provide the petitioner with a bond hearing is a post-deprivation bond hearing, not immediate release").  Although petitioner requests that the burden be on the Government at such a hearing to demonstrate by clear and convincing evidence

7

that his detention is warranted, ECF No. 10 at 11-12, "in initial bond determinations, . . . the burden of persuasion is on the petitioner to show that he is neither a flight risk nor a danger to the community." *Nasar v. Warden of California City Det. Ctr.*, No. 2:26-CV-00433-DC-AC (HC), 2026 WL 731160, at *5 (E.D. Cal. Mar. 13, 2026) (citing *Matter of Adeniji*, 22 I. & N. Dec. 1102 at 1112, and 8 C.F.R. § 236.1(c)(8)).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

   a. Respondents be ORDERED to provide Petitioner Juan Chavez Rodriguez (A-203-239-876), within fourteen (14) days, a bond hearing before an Immigration Judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

   b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody;

2) Petitioner's request for attorney's fees and costs be denied without prejudice to bringing a properly noticed and supported motion;

3) The Clerk of Court be directed to serve the District Court's order on the California City Detention Facility; and

4) Judgment be entered in favor of petitioner and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE